UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20009-CIV-SEITZ/O'SULLIVAN

DOUGLAS E. NALLS,

    PLAINTIFF,

v.

UNKNOWN CORRECTIONAL OFFICERS,
WARDEN AND ADMINISTRATIVE PERSONNEL,
COLEMAN LOW FEDERAL INSTITUTION; and
BUREAU OF PRISONS, UNITED STATES OF
AMERICA,

    Defendants.

_____/



## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CAUSE is before the Court on Defendants' Motion for Summary Judgment for lack of subject matter jurisdiction [DE-15] and Plaintiff's Cross-Motion for Summary Judgment [DE-18].[1] Plaintiff Douglas Nalls sued the United States, the Federal Bureau of Prisons ("BOP"), and various federal employees for monetary damages arising from alleged constitutional violations. Defendants move for summary judgment on the ground that this Court lacks subject matter jurisdiction. For the reasons stated below, Defendants' Motion for Summary Judgment shall be granted, and Plaintiff's Motion for Summary Judgment shall be denied.[2]

### I. Factual and Procedural Background

*Pro se* Plaintiff Douglas Nalls was a federal prisoner designated to the federal Correctional Institution-Low Security Facility at the Federal Correctional Complex in Coleman, Florida. (Compl., ¶ 2.) During his 60 month imprisonment, Plaintiff contends that he suffered major brain injury as the result of various constitutional violations: (1) unnecessary force by an unknown Coleman correctional officer; (2) denial of

---

[1] Defendants originally filed a Motion to Dismiss [DE-15], which the Court converted into the instant Motion for Summary Judgment [DE-24]. *See Trustmark Ins. Cor. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion"); DE-24.

[2] The Court need not reach the merits of Plaintiff's Cross-Motion for Summary Judgment [DE-18], given its inability to exercise subject matter jurisdiction over the dispute. Furthermore, Plaintiff's Motion for Summary Judgment fails to raise novel arguments not already contained in the Complaint and Opposition to the Motion to Dismiss [DE-19].

medical care by Coleman medical staff; and (3) a conspiracy to murder Plaintiff by the Coleman Warden and other administrative personnel. *Id.*, ¶¶ 3, 6-10.

On January 9, 2006, Plaintiff filed an administrative claim with the BOP seeking $5,000,000 in damages. (DE-15-2, Nalls Administrative Claim.) On June 22, 2006, the BOP sent a certified letter to Plaintiff advising him of the denial of such claim (the "Denial Letter"). (DE-15-4, Nalls Denial Letter.) The Denial Letter further advised Plaintiff that he could file suit in the United States District Court within six months after the mailing of the Denial Letter. *Id.* On January 3, 2008, Plaintiff filed the instant action against the above-named Defendants [DE-1]. On March 17, 2008, Defendants filed their Motion for Summary Judgment [DE-15].

## II. Discussion

Plaintiff characterizes his Complaint as a *Bivens* action brought against various federal employees and officials, as well as the United States and the Federal Bureau of Prisons. (*See* Plaintiff's Motion for Summary Judgment, p. 1) [DE-18]; (Resp. to Motion to Dismiss, p. 2) [DE-19]. As an initial matter, the United States and its agencies are immune from suit unless the United States has consented to be sued. *See U.S. v. Sherwood*, 312 U.S. 584, 586 (1941); *see also Cranford v. U.S.*, 466 F.3d 955, 957-958 (11th Cir. 2006). It is well-settled that the United States has not waived sovereign immunity within the context of *Bivens* actions. *See McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1345-46 (11th Cir. 2007). Therefore, the Court shall dismiss Plaintiff's *Bivens* action as to the United States and its agency, the BOP. *See FDIC v. Meyer*, 510 U.S. 471, 484 (1994) (*Bivens* actions not permitted against federal agencies); *see also Mack v. United States*, 814 F.2d 120, 122-123 (2nd Cir. 1987) ("*Bivens* actions against the United States are routinely dismissed").

Furthermore, claims for money damages arising from constitutional violations are only permitted against federal officers sued in their *individual* capacities; in other words, *Bivens* claims are not applicable to federal officers sued in their official capacities. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70-72 (2001); *see also Ward v. U.S.*, 1996 WL 115983, * at 2 (M.D. Fla. 1996). Within this context, it is Plaintiff who generally bears the burden of placing the individual Defendants on proper notice of their potential personal

liability. *See Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir. 1995). Here, while the Complaint clearly alleges that certain unnamed Defendants failed to perform their official duties, Plaintiff has given absolutely no indication of his intention to hold such Defendants personally liable for the $50,000,000 in requested damages. As such, the Court shall dismiss the *Bivens* action as to all individual Defendants.[3] Accordingly, for the reasons stated above, it is hereby

ORDERED THAT

(1) Defendants' Motion for Summary Judgement [DE-15] is GRANTED and Plaintiff's Cross-Motion for Summary Judgment [DE-18] is DENIED;

(2) Plaintiff's Complaint [DE-1] is DISMISSED for lack of subject matter jurisdiction; and

(3) All other pending motions are DENIED AS MOOT and this case is CLOSED.

DONE and ORDERED in Miami, Florida, this 8th day of July, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record

Douglas E. Nalls *(Pro Se Litigant)*
12525 NE 13 Avenue #304
Miami, FL 33161

---

[3] Dismissal would be equally proper were Plaintiff to bring his claims under the Federal Tort Claims Act (the "FTCA"). Significantly, under 28 U.S.C. § 2401(b), a FTCA lawsuit must be filed within six months of the agency's administrative denial. As the BOP delivered its administrative denial on June 22, 2006, Plaintiff's FTCA claims would clearly be time-barred given the January 3, 2008 filing date. *See Shoff v. United States*, 245 F.3d 1266, 1268 (11th Cir. 2001) (dismissing FTCA lawsuit given lapse of six-month limitation period).