UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

M.D. DOUGLAS E. NALLS, Sui Juris,

        Plaintiff,

-vs-                                                    Case No.  5:09-cv-384-Oc-10GRJ

COLEMAN LOW FEDERAL INSTITUTION,
Unknown Correctional Officer, Unknown
Medical Officers, Warden and
Administrative Personnel, BUREAU OF
PRISONS, UNKNOWN PARTIES,

        Defendants.
_____

## **O R D E R**

This case is before the Court on the Defendants' Motion to Dismiss (Doc. 84), to which the Plaintiff, proceeding *pro se*, has filed a response in opposition (Doc. 87). Upon due consideration, and for the reasons set forth below, the Court concludes that the motion is due to be granted.

### **Procedural History**

On January 2, 2008, the Plaintiff filed a five-count Verified Complaint against the Defendants in the United States District Court for the Southern District of Florida, alleging that his constitutional rights were violated when he was denied medical care and subjected to excessive force resulting in permanent injuries while incarcerated at Coleman Federal Correctional Institute (Doc. 1). At the time the Plaintiff filed his Verified Complaint, he named as Defendants the Bureau of Prisons, the Coleman institution, and various

unknown officers and employees at Coleman. The Plaintiff was granted leave to proceed *in forma pauperis* (Doc. 3), and the court issued summonses for the Bureau of Prisons and the United States Attorney's Office (Docs. 5, 6, 9). The summonses against the unknown parties were returned unexecuted (Docs. 10-12).

The Plaintiff moved for an extension of time to serve the unknown parties, (Doc. 14) which the Southern District denied on March 18, 2008 based on the Plaintiff's failure to demonstrate "good cause" (Doc. 16). The court then ordered the Plaintiff to serve all unknown parties by May 1, 2008 (Id.).

The Plaintiff did not comply with the Southern District's directive. Instead, on April 21, 2008, the Plaintiff filed a "Notice Identifying 'Unknown' Defendants," which contained a list of 18 corrections officers, medical staff, and administrative personnel, whom the Plaintiff claimed were the unknown parties in this action. The Plaintiff requested the court to "append" the list of Defendants to include these 18 individuals, but did not seek leave to file an amended complaint (Doc. 22). That same day the Plaintiff also filed a motion requesting the court to issue service of process for these 18 individuals, but again did not request leave to amend his verified complaint (Doc. 23). The Plaintiff renewed his request for service of process (but without a request to amend his complaint) on July 3, 2008 (Doc. 29).

Meanwhile, on March 17, 2008 the Bureau of Prisons and Coleman moved to dismiss the Plaintiff's Verified Complaint (Doc. 16). The Plaintiff filed a response, as well as a cross-motion for summary judgment (Docs. 18-19). On July 30, 2008, the Southern

District of Florida granted the Defendants' motion to dismiss (which the court had converted into a motion for summary judgment), and denied the Plaintiff's cross-motion for summary judgment (Doc. 30).  The court also dismissed all claims against the unknown parties on the basis that the Plaintiff had failed to place them on proper notice of their potential personal liability, as well as the Plaintiff's failure to demonstrate any intention to hold such parties personally liable (Doc. 30, pp. 2-3).  The court then directed the clerk to enter judgment, and closed the file (Doc. 30).

The Southern District did not rule on the Plaintiff's motions for service of the 18 listed individuals.  Instead, the court terminated those motions as moot at the same time that it granted the other Defendants' motion to dismiss (Doc. 30).

The Plaintiff appealed, and on March 6, 2009, the Eleventh Circuit Court of Appeals issued its mandate affirming the district court's grant of summary judgment as to the Bureau of Prisons and Coleman, but reversing and remanding as to the unknown parties (Doc. 37). The Eleventh Circuit held that the Plaintiff's Verified Complaint could be liberally construed to raise an individual capacity claim under <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971).  Upon remand the Southern District of Florida then transferred the case to this Court pursuant to 28 U.S.C. § 1406(a) (Doc. 57).

Upon receipt of the case, this Court entered an Order dated September 3, 2009 denying several pending motions, and directed the parties to file a case management and scheduling order (Doc. 62).  However, the case was stayed until April 2010 while the

Plaintiff pursued an appeal of both the Southern District's transfer order and this Court's September 3, 2009 Order (see Docs. 63-78).

The Plaintiff's appeals were dismissed by the Eleventh Circuit (Doc. 75), and on April 22, 2010, the United States Magistrate Judge conducted a telephonic preliminary pretrial conference with all remaining parties (Docs. 80, 83). During the course of the hearing, the Magistrate Judge addressed the remaining Bivens claim against the unknown parties, noting both that none of the unknown parties have been served, and that the Plaintiff has never amended his complaint to name these individuals. The Magistrate Judge specifically asked the Plaintiff if he wanted to amend his Verified Complaint to identify these individuals, but the Plaintiff stated that he wished to proceed solely on the claims as asserted in his original Verified Complaint (Doc. 82). Counsel for the Defendants then stated during the hearing that he intended to move to dismiss on the basis of the Plaintiff's failure to properly identify the defendants and failure to effect service of process. As such, the Magistrate Judge granted the Defendants leave to file a motion to dismiss, and gave the Plaintiff leave to file a response to any such motion (Doc. 82).

The Defendants have now filed their motion to dismiss the sole remaining claim in this case - the Bivens claim against the unknown parties - and the Plaintiff has filed a response in opposition (Docs. 84, 87).

**Discussion**

"As a general matter, fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). See also Rolle v. Brevard County, Florida, No. 6:06-cv-714, 2007 WL 328682 * 14 (M.D. Fla. Jan. 31, 2007) (citing New v. Sports Rec., Inc., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997)); Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties. . . ."). Although the Plaintiff identifies the unknown defendants in his Verified Complaint as correctional officers, wardens, medical officers and personnel, and administrative personnel of Coleman (Doc. 1), he has continuously refused to identify the individual defendants in his complaint. Even more importantly, he has failed and refused to allege which putative defendants engaged in specifically described conduct that was violative of his constitutional rights.

The Plaintiff's prior pleadings suggest that he has been aware of the identities of the unknown defendants for over two years, yet he has steadfastly refused to amend his complaint to include their names or a description of their individual tortious conduct.[1] The Plaintiff has maintained this position even though he was expressly offered the chance to amend, and was notified of the consequences if he failed to do so. Simply put, the Plaintiff has been given ample opportunity to amend his complaint to name the unknown

---

[1] In his response (Doc. 87), the Plaintiff argues that under Bivens, he does not need to identify the individual defendants in order to proceed with litigation. The Plaintiff reads too much into Bivens, which merely held that a constitutional claim could be brought against an individual governmental employee. It nowhere held that such a claim could go forward without ever listing the employee by name in the complaint.

defendants and describe their conduct, respectively, and has inexplicably refused to do so.[2]

The Court therefore finds the Defendants' motion to dismiss based on the Plaintiff's continued failure to amend his Verified Complaint to properly identify the unknown defendants as well taken, and the motion to dismiss (Doc. 84) is GRANTED. The Clerk is directed to enter judgment dismissing all remaining claims without prejudice, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 17th day of December, 2010.

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             M.D. Douglas E. Nalls, *pro se*

---

[2] To the extent the Plaintiff may attempt to rely on his prior motions in the Southern District for service of process on the 18 named individuals, as well as on his *in forma pauperis* status, the Court cannot serve process on persons who are not identified in the complaint, whose unlawful conduct is not described, and against whom no claim for relief is made.